IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

RECEIVED
JUL 19 2005
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| THOMAS RATCLIFFE, MARK GILONI, JOHN HALEBIAN AND DAVID FIX, Individually and on Behalf of All Others, Similarly Situated, Plaintiffs, vs. A.T. CROSS CO., et al., Defendants. | : | CIVIL ACTION NO. 00 203 ML |

## ORDER FOR NOTICE AND HEARING

WHEREAS, on June 24, 2005, the parties to the above-titled action (the "Action") entered into a Stipulation and Agreement of Settlement (the "Stipulation"), and which, together with the exhibits thereto, sets forth the terms and conditions for the proposed settlement of the claims alleged in the Complaint on the merits and with prejudice upon the terms and conditions set forth in the Stipulation; and the Court having read and considered the Stipulation and the accompanying documents; and the parties to the Stipulation having consented to the entry of this Order; and all capitalized terms having the meanings set forth in the Stipulation;

WHEREAS, the Court ordered certain revisions on July 18, 2005 to the Notice provisions concerning plaintiffs' counsels' expense reimbursement to which defendants have no objection.

NOW, THEREFORE, IT IS HEREBY ORDERED, as follows:

1. A hearing (the "Settlement Approval Hearing") pursuant to F.R. Civ. P 23(e) is hereby scheduled to be held before the Court on September 9, 2005, at 2:00 p.m. for the following purposes:

(a) to determine whether the proposed Settlement is fair, reasonable, and adequate, and should be approved by the Court;

(b) to determine whether the Order and Final Judgment as provided under the Stipulation should be entered, dismissing the Complaint filed herein, on the merits and with prejudice, and to determine whether the release by the Class of the Settled Claims, as set forth in the Stipulation, should be provided to the Released Parties;

(c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved by the Court;

(d) to consider Plaintiffs' Counsel's motion for award of attorneys' fees and expenses;

(e) to consider any award to class representatives for costs, expenses or lost compensation due to involvement in the case; and

(f) to rule upon such other matters as the Court may deem appropriate.

2. The Court reserves the right to approve the Settlement with or without modification and with or without further notice of any kind. The Court further reserves the right to enter its Order and Final Judgment approving the Stipulation and dismissing the Complaint on the merits and with prejudice regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and expenses.

3. The Court confirms the selection of the accounting firm of Heffler, Radetich & Saitta, LLP as Claims Administrator for the Settlement.

4. The Court approves the form, substance and requirements of the Notice of Pendency of Proposed Settlement, Motion for Attorneys' Fees and Settlement Approval

Hearing (the "Notice"), and the Proof of Claim form attached as exhibits to the Stipulation.

5. Plaintiffs' Lead Counsel shall cause the Notice and the Proof of Claim, substantially in the forms annexed hereto, to be mailed, by first-class mail, postage prepaid, on or before twenty (20) days following the entry of this Order, to all Class Members already identified by Plaintiffs' Lead Counsel. Plaintiffs' Lead Counsel shall use reasonable efforts to give notice to nominee owners, such as brokerage firms and other persons or entities who purchased A.T. Cross common stock during the Class Period as record owners but not as beneficial owners. Such nominee purchasers are directed to forward copies of the Notice and Proof of Claim to their beneficial owners. The Claims Administrator is ordered to send the Notice and Proof of Claim promptly to such beneficial owners. Additional copies of the Notice and Proof of Claim shall be made available to any record holder requesting such for the purpose of distribution to beneficial owners. Plaintiffs' Lead Counsel shall, at or before the Settlement Approval Hearing, file with the Court proof of mailing of the Notice and Proof of Claim.

6. The form and method set forth herein of notifying the Class of the Settlement and its terms and conditions meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b) and 78t(a) and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5), as amended by the Private Securities Litigation Reform Act of 1995, and due process, and constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

7. In order to be entitled to participate in the Net Settlement Fund, in the event the Settlement is effected in accordance with all of the terms and conditions set forth in the Stipulation, each Class Member shall take the following actions and be subject to the following conditions:

(a) A properly executed Proof of Claim (the "Proof of Claim"), substantially in the form attached as an exhibit to the Stipulation, must be submitted to the Claims Administrator, at the Post Office Box indicated in the Notice, postmarked not later than a date chosen by Plaintiffs' Counsel that is at least one hundred (100) days after the entry of this Order. Such deadline may be further extended by Court Order. Each Proof of Claim shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first-class mail, postage prepaid), provided such Proof of Claim is actually received prior to the Motion for an Order of the Court approving distribution of the Net Settlement Fund. Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Notice.

(b) The Proof of Claim submitted by each Class Member must satisfy the following conditions: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Plaintiffs' Lead Counsel; (iii) if the person executing the Proof of Claim is acting in a

representative capacity, a certification of his or her current authority to act on behalf of the Class Member must be included in the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c) As part of the Proof of Claim, each Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall (subject to effectuation of the Settlement) release all claims as provided in the Stipulation.

8. Class Members shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable, unless such persons request exclusion from the Class in a timely and proper manner, as hereinafter provided. A Class Member wishing to make such request shall mail the request in written form by first-class mail, postmarked no later than fourteen (14) days prior to the Settlement Approval Hearing, to the address designated in the Notice. Such request for exclusion shall clearly indicate the name and address of the person seeking exclusion and that the sender requests to be excluded from the Class in *Thomas Ratcliffe, Mark Giloni, John Halebian and David Fix, Individually and on Behalf of All Others, Similarly Situated, Plaintiffs, vs. A.T. Cross Co., et al., Defendants*, and must be signed by such person. Such persons requesting exclusion are also requested to state their telephone numbers and the date(s), price(s), and number(s) of shares of all purchases and sales of A.T. Cross common stock during the Class Period. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

9. Class Members requesting exclusion from the Class shall not be entitled to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

10. The Court will consider comments and/or objections to the Settlement, the Plan of Allocation, or the award of attorneys' fees and reimbursement of expenses only if such comments or objections and any supporting papers, including the number of shares of all purchases and sales of A.T. Cross common stock during the Class Period, are filed in writing with the Clerk of the Court, United States District Court District of Rhode Island, 1 Exchange Terrace, Providence, RI 02903, and copies of all such papers are served, on or before fourteen (14) days prior to the Settlement Approval Hearing, upon each of the following: Lawrence Deutsch, Esquire, Berger & Montague, P.C., 1622 Locust Street, Philadelphia, PA 19103, on behalf of Plaintiffs; and John Sylvia, Esquire, Mintz, Levin, Cohn, Ferris Glovsky and Popeo, P.C., One Financial Center, Boston, MA 02111, on behalf of Defendants. Attendance at the Settlement Approval Hearing is not necessary; however, persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the request for attorneys' fees and expenses are required to indicate in their written objection their intention to appear at the Hearing. Persons who intend to object to the Settlement, the Plan of Allocation, and/or Counsel's motion for an award of attorneys' fees and expenses and desire to present evidence at the Settlement Approval Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Approval Hearing. Class Members do not need to appear at the Hearing or take any other action to indicate their approval.

11. Pending final determination of whether the Settlement should be approved, the Plaintiffs, all Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts Settled Claims against any Released Party.

12. If: (a) the Settlement is terminated by Defendants pursuant to the Stipulation; (b) any specified condition to the Settlement set forth in the Stipulation is not satisfied and the satisfaction of such condition is not waived in writing by Plaintiffs' Lead Counsel and Counsel for the Defendants; (c) the Court rejects, in any respect, the Order and Final Judgment in substantially the form and content annexed to the Stipulation as an exhibit and/or Plaintiffs' Lead Counsel and Defendants' Counsel fail to consent to the entry of another form of order in lieu thereof; (d) the Court rejects the Stipulation, including any amendment thereto approved by Plaintiffs' Lead Counsel and Defendants' Counsel; or (e) the Court approves the Stipulation, including any amendment thereto approved by Plaintiffs' Lead Counsel and Defendants' Counsel, but such approval is reversed on appeal and such reversal becomes final by lapse of time or otherwise, then, in any such event, the Stipulation, including any amendment(s) thereof, and this preliminary Order for purposes of the Settlement shall be null and void and of no further force or effect, without prejudice to any party, and may not be introduced as evidence or referred to in any actions or proceedings by any person or entity, and each party shall be restored to his, her or its respective position as it existed prior to the execution of the Stipulation.

13. The proponents of the Settlement, or any aspect thereof, shall file any and all supporting memoranda and materials seven (7) days prior to the final hearing set forth in accordance with this Order.

14. The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

Dated: Providence, Rhode Island

July 20, 2005

Mary M. Lisi

MARY LISI
UNITED STATES DISTRICT JUDGE