**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

RECEIVED
JUL 19 2005
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

THOMAS RATCLIFFE, MARK GILONI, JOHN HALEBIAN AND DAVID FIX, Individually and on Behalf of All Others, Similarly Situated,

Plaintiffs,

vs.

A.T. CROSS CO., et al.,

Defendants.

CIVIL ACTION NO. 00 203 ML

## NOTICE OF PENDENCY OF PROPOSED SETTLEMENT, MOTION FOR ATTORNEYS' FEES AND SETTLEMENT APPROVAL HEARING

**If you purchased the common stock of A.T. Cross, during the period from July 16, 1998 through April 22, 1999, inclusive, then you could get a payment from a class action settlement.**

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- The settlement will provide a $1.5 million fund plus accruing interest for the benefit of investors who purchased the common stock of A.T. Cross during the period from July 16, 1998 through April 22, 1999, inclusive (the "Class Period").
- The settlement resolves a lawsuit over whether A.T. Cross and certain of its officers and directors misled investors about A.T. Cross's financial condition.
- Your legal rights are affected whether you act or do not act. Read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM** | The only way to get a payment. |
| **EXCLUDE YOURSELF** | Get no payment. This is the only option that allows you to ever be part of any other lawsuit against Defendants and the other Released Parties about the Settled Claims. |
| **OBJECT** | Write to the Court about why you do not like the settlement. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the settlement. |
| **DO NOTHING** | Get no payment. Give up rights. |

- These rights and options - **and the deadlines to exercise them** - are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after appeals are resolved. Please be patient.

## SUMMARY NOTICE

Statement of Plaintiff Recovery

Pursuant to the settlement described herein, a Settlement Fund consisting of $1,500,000 in cash, plus interest, has been established. Plaintiffs estimate that there were approximately 4,500,000 shares of A.T. Cross common stock traded during the Class Period which may have been damaged. Plaintiffs estimate that the average recovery of A.T. Cross common stock under the settlement is $.33 per damaged share before deduction of Court-awarded attorneys' fees and expenses. Depending on (i) the number of damaged shares for which claims are submitted, (ii) when during the Class Period a Class Member purchased his or her shares of A.T. Cross common stock, and (iii) whether and when those shares were sold, and if sold, at what price, an individual Class Member may receive more or less than this average amount. A Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by his, her or its Recognized Claim as compared to the total Recognized Claims of all Class Members who submit acceptable Proofs of Claim. See the Plan of Allocation for more information on your Recognized Claim.

Statement of Potential Outcome of Case

The parties disagree on both liability and damages and do not agree on the average amount of damages per share that would be recoverable if plaintiffs were to have prevailed on each claim alleged. The Defendants deny that they are liable to the plaintiffs or the Class and deny that plaintiffs or the Class have suffered any damages.

Statement of Attorneys' Fees and Costs Sought

Plaintiffs' Counsel are moving the Court to award attorneys' fees not to exceed ten percent (10%) of the Gross Settlement Fund, and for reimbursement of litigation expenses incurred in connection with the prosecution of this Action in the approximate amount of $550,000 (excluding any estimated costs of providing notice to the members of the Class and the processing of the Proofs of Claim and administration of the Settlement). Reimbursement of class representative(s) for costs or lost wages may also be submitted, not to exceed $5,000. The requested fees and expenses would amount to an average of .16¢ per damaged share in total for fees and expenses. Plaintiffs' Counsel have expended considerable time and effort in the prosecution of this litigation on a contingent fee basis, and have advanced the expenses of the litigation, in the expectation that if they were successful in obtaining a recovery for the Class they would be paid from such recovery. In this type of litigation, it is customary for counsel to

be awarded a percentage of the common fund recovery as their attorneys' fees. Normally a fee of approximately 25% is the range for fees but due to the vigor and duration of the litigation, substantial expenses were incurred. In addition, the class period was significantly shortened by the Court's summary judgment ruling of July 21, 2004. Therefore, potential recovery was limited to a much smaller class. In light of these developments, Plaintiffs' Counsel will only ask for a reduced fee in order to maximize the reasonable recovery for the class.

Further Information

Further information regarding the Action and this Notice may be obtained by contacting Plaintiffs' Lead Counsel: Lawrence Deutsch, Esquire, Berger & Montague, P.C., 1622 Locust Street, Philadelphia, Pennsylvania, 19103, Telephone: (215) 875-3062.

Reasons for the Settlement

The principal reason for the settlement is the benefit to be provided to the Class now. This benefit must be compared to the risk that no recovery might be achieved after a contested trial and likely appeals, possibly years into the future.

**[END OF COVER PAGE]**

**WHAT THIS NOTICE CONTAINS**

**Table of Contents**

**Page**

SUMMARY NOTICE ..... 2

Statement of Plaintiff Recovery ..... 2

Statement of Potential Outcome of Case ..... 2

Statement of Attorneys' Fees and Costs Sought ..... 2

Further Information ..... 3

Reasons for the Settlement ..... 3

BASIC INFORMATION ..... 6

1. Why did I get this notice package? ..... 6

2. What is this lawsuit about? ..... 6

3. Why is this a class action? ..... 6

4. Why is there a settlement? ..... 7

WHO IS IN THE SETTLEMENT ..... 8

5. How do I know if I am part of the settlement? ..... 8

6. Are there exceptions to being included? ..... 9

7. What if I am still not sure if I am included? ..... 9

THE SETTLEMENT BENEFITS — WHAT YOU GET ..... 9

8. What does the settlement provide? ..... 9

9. How much will my payment be? ..... 9

HOW YOU GET A PAYMENT — SUBMITTING A CLAIM FORM ..... 10

10. How can I get a payment? ..... 10

11. When would I get my payment? ..... 10

12. What am I giving up to get a payment or stay in the Class? ..... 10

EXCLUDING YOURSELF FROM THE SETTLEMENT ..... 11

13. How do I get out of the proposed settlement? ..... 11

14. If I do not exclude myself, can I sue the Defendants and the other Released Parties for the same thing later? ..... 11

15. If I exclude myself, can I get money from the proposed settlement? ..... 12

THE LAWYERS REPRESENTING YOU ..... 12

16. Do I have a lawyer in this case? ..... 12

17. How will the lawyers be paid? ..... 12

OBJECTING TO THE SETTLEMENT ..... 12

18. How do I tell the Court that I do not like the proposed settlement? ..... 12

19. What is the difference between objecting and excluding? ..... 13

THE COURT'S FAIRNESS HEARING ..... 13

20. When and where will the Court decide whether to approve the proposed settlement? ..... 13

21. Do I have to come to the hearing? ..... 14

22. May I speak at the hearing? ..... 14

IF YOU DO NOTHING ..... 14

23. What happens if I do nothing at all? ..... 14

GETTING MORE INFORMATION ..... 15

24. Are there more details about the proposed settlement? ..... 15

25. How do I get more information? ..... 15

PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG CLASS MEMBERS ..... 15

## BASIC INFORMATION

| 1. Why did I get this notice package? |
|---|

You or someone in your family may have purchased shares of A.T. Cross common stock during the period from July 16, 1998 through April 22, 1999, inclusive.

The Court directed that this Notice be sent to Class Members because they have a right to know about a proposed settlement of a class action lawsuit, and about all of their options, before the Court decides whether to approve the settlement. If the Court approves the settlement, and after objections and appeals, if any, are resolved, an administrator approved by the Court will make the payments that the settlement allows.

This package explains the lawsuit, the settlement, Class Members' legal rights, what benefits are available, who is eligible for them, and how to get them.

The case was originally filed in the United States District Court for the District of Rhode Island and was known as Aldridge v. A.T. Cross, Co., et al. or *In re A.T. Cross Securities Litigation*, C.A. NO. 00 203 ML. The people who sued are called plaintiffs. The company and the persons they sued, A.T. Cross and certain of its current and former officers and directors (the "Individual Defendants" as defined below), are called the Defendants.

The "Individual Defendants" are Bradford R. Boss, the former Chairman of the Board of A.T. Cross, Russell A. Boss, the former President and Chief Executive Officer of A.T. Cross, John E. Buckley, the former Executive Vice President and Chief Operating Officer of A.T. Cross, and John T. Ruggieri, the former Senior Vice President and Chief Financial Officer of A.T. Cross.

| 2. What is this lawsuit about? |
|---|

A.T. Cross developed and marketed Pen Computing Products, including its Crosspad. According to the lawsuit, A.T. Cross improperly accounted for sales of its Crosspad that effectively masked its true sales trend. The lawsuit claims that the Defendants engaged in improperly undisclosed revenue recognition practices, including contingent sales, sales with rights of returns, and channel stuffing activities and did not properly account for such sales practices. The lawsuit claims that the Defendants misled investors by concealing these sales practices from the public while making positive statements about A.T. Cross's Pen Computing Business. The Defendants deny they did anything wrong.

| 3. Why is this a class action? |
|---|

In a class action, one or more people called Class Plaintiffs (in this case Mark Giloni, Thomas Ratcliffe, David Fix and John Halebian), sue on behalf of people who have similar claims. All these people are a Class or Class Members. Bringing a case, such as this one, as a class action allows resolution of a case on a class-wide basis where the claims of many individual members of the Class might be too small to bring in an individual action. One court resolves the issues for all Class Members, except for those who exclude themselves from the Class.

## 4. History of the case and why there is a settlement?

Beginning in April 21, 2000, a class action complaint was filed against A.T. Cross and certain of its officers and directors. By Order dated September 28, 2000, the Court appointed Michael Aldridge as Lead Plaintiff. The Court also appointed the law firm of Berger & Montague, P.C. as Plaintiff's Lead Counsel and the law firm of Medeiros + Sanford, Inc. as Plaintiff's Liaison Counsel.

On August 21, 2000, Lead Plaintiff filed a Consolidated Amended Class Action Complaint ("First Amended Complaint"). On October 6, 2000, the Defendants responded by filing a motion to dismiss the First Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). By Order dated June 4, 2001, the Court ruled that the First Amended Complaint failed to satisfy the pleading standards under the PSLRA, and dismissed the Complaint with prejudice.

Plaintiff appealed the Court's dismissal of this Action to the United States Court of Appeals for the First Circuit, and on appeal, in an opinion dated March 20, 2002, the First Circuit reversed in part, reinstating plaintiff's claims asserted against the Defendants named above, but affirming the dismissal of claims brought under Section 20(a) of the Exchange Act against certain other defendants not named herein. Aldridge v. A.T. Cross Corp., 284 F.3d 72, 84-85 (1st Cir. 2002).

Following a contested motion, on April 17, 2003, the Court ordered that this Action proceed as a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure (the "Order") on behalf of a class (the "Class") consisting of all persons who purchased A.T. Cross common stock during the period September 17, 1997 through April 22, 1999, inclusive. Excluded from the Class were Defendants, members of the immediate families of the Individual Defendants, any entity in which any defendant has a controlling interest, and the legal affiliates, representatives, heirs, controlling persons, successors, and predecessors in interest or assigns of any such excluded party.

On May 7, 2003, Plaintiff filed a Second Amended Class Action Complaint (the "Complaint"), also naming Barbara Aldridge, Michael Aldridge's wife, as a Plaintiff and Class Representative.

On July 21, 2004, the Court substantially narrowed the class period via its ruling on Defendants' Motion for Summary Judgment. **The "revised class period" became July 16, 1998 through April 22, 1999**. You are a member of the "revised class" only if you purchased A.T. Cross stock during the revised class period.

On September 9, 2004, the Court determined that neither Barbara Aldridge nor Michael Aldridge was therefore an appropriate class representative of the revised class since they did not purchase stock resulting in a loss during the class period. On April 1, 2005, the Court granted plaintiffs appointment of substitute class representatives.

Plaintiffs' Counsel analyzed the extensive evidence developed during pretrial discovery and researched the applicable law with respect to the claims of the Class against the Defendants and the potential defenses thereto. Plaintiffs Counsel reviewed over 100,000 pages of documents produced by the defendants and two dozen third parties that were subpoenaed. Plaintiffs Counsel conducted or defended 19 depositions. Discovery included testimony of the defendants, company employees, and A.T. Cross's auditors, economists with competing damage estimates, plaintiffs forensic accountants and all class representatives. Plaintiffs also conducted an extensive search for persons with information about plaintiffs' claims and interviewed various persons in that effort.

The Lead Plaintiffs and Plaintiffs' Counsel believe the settlement is fair, reasonable, and adequate for the settlement of the claims of the Class and is best for all Class Members. One key factor in reaching this conclusion was a substantial reduction in provable damages as a consequence of the Court's July 21, 2004 ruling on summary judgment. Plaintiffs damage expert has opined that damages were between $17 million and $27 million for the original class period. With the reduced revised class period, maximum provable damages according to his analysis was $6 million.

Both sides have agreed to this settlement. That way, they avoid the risks and cost of a trial, and the people affected will get compensation. The Defendants deny any wrongdoing and liability and this settlement may not be construed as any admission by Defendants or any wrongdoing or liability.

## WHO IS IN THE SETTLEMENT

To see if you will get money from this settlement, you first have to decide if you are a Class Member.

| 5. | How do I know if I am part of the settlement? |
|---|---|

The Court directed that for the purposes of the proposed settlement that everyone who fits this description is a Class Member: *All people who purchased the common stock of A.T. Cross Co., during the period from July 16, 1998 through April 22, 1999, inclusive, and suffered a loss on their purchase of the stock.*

| 6. | Are there exceptions to being included? |
|---|---|

Excluded from the Class are Defendants, members of the immediate families of the Individual Defendants, any entity in which any defendant has a controlling interest, and the legal affiliates, representatives, heirs, controlling persons, successors, and predecessors in interest or assigns of any such excluded party.

You are a Class Member only if you directly purchased shares of A.T. Cross common stock, during the Class Period. If one of your mutual funds purchased shares of A.T. Cross common stock during the Class Period, that alone does not make you a Class Member.

| 7. | What if I am still not sure if I am included? |
|---|---|

If you are still not sure whether you are included, you can ask for free help. You can call Lawrence Deutsch at (215) 875-3062 for more information. Or you can fill out and return the claim form, to see if you qualify.

## THE SETTLEMENT BENEFITS — WHAT YOU GET

| 8. | What does the settlement provide? |
|---|---|

In exchange for the settlement and dismissal of the Action, the Defendants have agreed to create a $1,500,000 fund to be divided, after fees and expenses, among all Class Members who send in a valid Proof of Claim form.

| 9. | How much will my payment be? |
|---|---|

Your share of the fund will depend on the total Recognized Claims represented by the valid Proof of Claim forms that Class Members send in, how many shares of A.T. Cross common stock you bought, and when you bought and whether or when you sold them.

By following the instructions in this Notice, you can calculate what is called your Recognized Claim. It is unlikely that you will get a payment for all of your Recognized Claim. After all Class Members have sent in their Proof of Claim forms, the payment you get will be a part of the Net Settlement Fund equal to your Recognized Claim divided by the total of everyone's Recognized Claims. <u>See</u> the Plan of Allocation for more information on your Recognized Claim.

## HOW YOU GET A PAYMENT — SUBMITTING A CLAIM FORM

| 10. How can I get a payment? |
|---|

To qualify for a payment, you must send in a Proof of Claim form. A Proof of Claim form is being circulated with this Notice. Read the instructions carefully, fill out the Proof of Claim form, include all the documents the form asks for, sign it, and mail it postmarked no later than December 1, 2005.

| 11. When would I get my payment? |
|---|

The Court will hold a hearing on September 9, 2005, at 2:00 p.m. to decide whether to approve the settlement. If the Court approves the settlement but there were objections that were filed, there may be appeals. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. It also takes time for all the Proofs of Claim to be processed. Please be patient.

| 12. What am I giving up to get a payment or stay in the Class? |
|---|

Unless you exclude yourself, you are staying in the class, and that means that, upon the "Effective Date," you will release all "Settled Claims" (as defined below) against the "Released Parties" (as defined below).

"Settled Claims" means any and all claims, debts, demands, rights or causes of action or liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability whatsoever), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether class or individual in nature, including both known claims and unknown claims, (i) that have been or could have been asserted in this Action by the Class Members or any of them against any of the Released Parties, or (ii) that could have been asserted in any forum by the Class Members or any of them against any of the Released Parties which arise out of or relate in any way to the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Second Amended Complaint that relate to transactions in A.T. Cross common stock during the Class Period.

"Released Parties" means any and all of the Defendants, their past or present subsidiaries, parents, successors and predecessors, officers, directors, agents, employees, attorneys, insurers, and any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has a controlling interest or which is related to or affiliated with any of the

Defendants, and the legal representatives, heirs, successors in interest or assigns of the Defendants.

The "Effective Date" will occur when an Order entered by the Court approving the settlement becomes final and not subject to appeal.

If you remain a member of the Class, all of the Court's orders will apply to you and legally bind you.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this settlement, but you want to keep any right you may have to sue or continue to sue the Defendants and the other Released Parties, on your own, about the Settled Claims, then you must take steps to get out. This is called excluding yourself — or is sometimes referred to as "opting out" of the settlement Class. A.T. Cross may withdraw from and terminate the Settlement if putative Class Members who purchased in excess of a certain amount of A.T. Cross common stock exclude themselves from the Class.

| 13. How do I get out of the proposed settlement? |
|---|

To exclude yourself from the settlement Class, you must send a letter by mail stating that you "request exclusion from the Class in *Thomas Ratcliffe, Mark Giloni, John Halebian and David Fix, Individually and on Behalf of All Others, Similarly Situated, Plaintiffs, vs. A.T. Cross Co., et al., Defendants. (Civil Action No. 00 203 ML.)"* Your letter should state the date(s), price(s), and number(s) of shares of all your purchases and sales of A.T. Cross common stock during the Class Period. In addition, be sure to include your name, address, telephone number, and your signature. You must mail your exclusion request postmarked no later than August 26, 2005 to:

A.T. Cross Systems Securities Litigation Exclusions
Lawrence Deutsch, Esquire
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103

You cannot exclude yourself by telephone or by e-mail. If you ask to be excluded, you will not get any settlement payment, and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit, and you may be able to sue (or continue to sue) the Defendants and the other Released Parties in the future.

| 14. If I do not exclude myself, can I sue the Defendants and the other Released Parties for the same thing later? |
|---|

No. If the settlement is approved, unless you have excluded yourself, you would have given up any rights to sue the Defendants and the other Released Parties for any and all Settled Claims. If

you have a pending lawsuit, speak to your lawyer in that case immediately. You must exclude yourself from *this* Class to continue your own lawsuit. Remember, the exclusion deadline is August 26, 2005.

| 15. | If I exclude myself, can I get money from the proposed settlement? |
|---|---|

No. If you exclude yourself, do not send in a claim form to ask for any money. But, you may exercise any right you may have to sue, continue to sue, or be part of a different lawsuit against the Defendants and the other Released Parties.

## THE LAWYERS REPRESENTING YOU

| 16. | Do I have a lawyer in this case? |
|---|---|

The Court ordered that the law firm Berger & Montague, P.C. represent all Class Members. These lawyers are called Plaintiffs' Lead Counsel. You will not be separately charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

| 17. | How will the lawyers be paid? |
|---|---|

Plaintiffs' Lead Counsel are moving the Court to award attorneys' fees from the Settlement Fund in an amount of not greater than ten percent (10%) of the Gross Settlement Fund and for reimbursement of their expenses on such fees and expenses at the same rate as earned by the Settlement Fund. Plaintiffs' Co-Lead Counsel, without further notice to the Class, may subsequently apply to the Court for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the Class and any proceedings subsequent to the Settlement Approval Hearing.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the settlement or some part of it.

| 18. | How do I tell the Court that I do not like the proposed settlement? |
|---|---|

If you are a Class Member, you can object to the proposed settlement or the request for an award of attorneys' fees and expenses or the Plan of Allocation. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a signed letter saying that you object to the proposed settlement in the *Thomas Ratcliffe, Mark*

*Giloni, John Halebian and David Fix, Individually and on Behalf of All Others, Similarly Situated, Plaintiffs, vs. A.T. Cross Co., et al., Defendants. (Civil Action No. 00 203 ML.)"* Be sure to include your name, address, telephone number, and your signature, identify the date(s), price(s), and number(s) of shares of all your purchases and sales of A.T. Cross common stock during the Class Period, and state the reasons why you object to the proposed settlement or application for attorneys' fees and expenses. Your objection must be filed with the Court and served upon all the following counsel on or before August 26, 2005:

| **COURT** | **PLAINTIFFS' LEAD COUNSEL** | **DEFENDANTS' COUNSEL** |
|---|---|---|
| Clerk of the Court<br>United States District Court<br>District of Rhode Island<br>Federal Building and Courthouse<br>One Exchange Terrace,<br>Providence, RI 02903 | Lawrence Deutsch, Esquire<br>BERGER & MONTAGUE, P.C.<br>1622 Locust Street<br>Philadelphia, PA 19103 | John Sylvia, Esq.<br>MINTZ, LEVIN, COHN, FERRIS GLOVSKY AND POPEO, P.C.<br>One Financial Center<br>Boston, MA 02111 |

| | |
|---|---|
| 19. | What is the difference between objecting and excluding? |

Objecting is simply telling the Court that you do not like something about the proposed settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you do not want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S SETTLEMENT APPROVAL HEARING

The Court will hold a hearing to decide whether to approve the proposed settlement and request for attorneys' fees and expenses. You may attend and you may ask to speak, but you do not have to.

| | |
|---|---|
| 20. | When and where will the Court decide whether to approve the proposed settlement? |

The Court will hold a Settlement Approval Hearing at 2:00 p.m. on September 9, 2005, at the United States District Court, District of Rhode Island, Federal Building and Courthouse, One Exchange Terrace, Providence, Rhode Island 02903. At this hearing the Court will consider whether the settlement is fair, reasonable and adequate. If there are objections, the Court will consider them. The Court will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay to Plaintiffs' Counsel for their fees and reimbursement

of expenses. After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

You should be aware that the Court may change the date and time of the hearing. Thus, if you want to come to the hearing, you should check with Plaintiffs' Lead Counsel before coming to be sure that the date and/or time has not changed.

| 21. | Do I have to come to the hearing? |
|---|---|

No. Plaintiffs' Counsel will answer questions the Court may have. But, you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary. Class Members do not need to appear at the hearing or take any other action to indicate their approval.

| 22. | May I speak at the hearing? |
|---|---|

If you object to the settlement, you may ask the Court for permission to speak at the Settlement Approval Hearing. To do so, you must include with your objection (see question 18 above) a statement saying that it is your "Notice of Intention to Appear in *Thomas Ratcliffe, Mark Giloni, John Halebian and David Fix, Individually and on Behalf of All Others, Similarly Situated, Plaintiffs, vs. A.T. Cross Co., et al., Defendants. (Civil Action No. 00 203 ML.)"* Persons who intend to object to the settlement, the Plan of Allocation, and/or counsel's application for an award of attorneys' fees and expenses and desire to present evidence at the Settlement Approval Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Approval Hearing. You cannot speak at the hearing if you excluded yourself.

## IF YOU DO NOTHING

| 23. | What happens if I do nothing at all? |
|---|---|

If you do nothing, you will get no money from this settlement. But, if the settlement is approved, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendants and the other Released Parties about the Settled Claims in this case, ever again.

## GETTING MORE INFORMATION

| 24. Are there more details about the proposed settlement? |
|---|

This notice summarizes the proposed settlement. More details are in a Stipulation and Agreement of Settlement dated June 24, 2005 (the "Stipulation"). You can get a copy of the Stipulation by writing to Lawrence Deutsch, Esquire, Berger & Montague, P.C., 1622 Locust Street, Philadelphia, Pennsylvania 19103.

| 25. How do I get more information? |
|---|

For even more detailed information concerning the matters involved in this Action, reference is made to the pleadings, to the Stipulation, to the Orders entered by the Court and to the other papers filed in the Action, which may be inspected at the Office of the Clerk of the United States District Court, District of Rhode Island, Federal Building and Courthouse, One Exchange Terrace, Providence, Rhode Island 02903, during regular business hours.

## PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG CLASS MEMBERS

The $1,500,000 Settlement Amount and the interest earned thereon shall be the Gross Settlement Fund. The Gross Settlement Fund, less all taxes, approved costs, fees and expenses (the "Net Settlement Fund") shall be distributed to members of the Class who submit acceptable Proofs of Claim ("Authorized Claimants").

The Claims Administrator shall determine each Authorized Claimant's pro rata share of the Net Settlement Fund based upon each Authorized Claimant's "Recognized Claim." A Recognized Claim is determined by the date(s) the Authorized Claimant purchased or sold any shares of A.T. Cross stock during the Class Period. For shares purchased during the Class Period but sold at a loss on or before April 22, 1999, the Recognized Claim is the difference between: (a) the purchase price paid (including commissions, taxes and fees) and (b) the sales price received (net of commissions, taxes and fees). For shares purchased during the Class Period but retained after April 22, 1999, the Recognized Claim is the difference between: (a) the purchase price paid and (b) $6.02. (Under statutory requirements, the lowest possible value for the recognized sale price of A.T. Cross stock in calculating a class members' Recognized Claim is $6.02 based upon the "90-day look back" provision of the Private Securities Litigation Reform Act of 1995 as applied to A.T. Cross's stock price movement after the end of the class period on April 22, 1999).

The Recognized Claim formula is not an estimate of the amount of what a Class Member might have been able to recover after a trial; nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the settlement. The Recognized Claim formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants.

The proposed Plan of Allocation reflects plaintiffs' allegations that, by reason of Defendants' alleged misconduct, the prices of A.T. Cross common stock were inflated during the entire Class Period. The Plan of Allocation allows claims to be "recognized" based on the assumption that Class Members who bought A.T. Cross securities during the Class Period paid an artificially high price for those securities. In addition, to the extent that a Class Member bought A.T. Cross securities while the price of A.T. Cross common stock was artificially inflated and then sold those same securities, the amount of a Class Member's "Recognized Claim" is reduced to the extent that a Class Member received the benefit of selling those securities at an artificially inflated price.

In the event a Class Member has more than one purchase or sale of A.T. Cross securities, all purchases and sales shall be matched on a First In First Out ("FIFO") basis. Class Period sales will be matched first against any A.T. Cross securities held at the beginning of the Class Period and then against purchases in chronological order. A purchase or sale of A.T. Cross securities shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.

The receipt or grant by gift, devise or operation of law of A.T. Cross securities during the Class Period shall not be deemed a purchase or sale of A.T. Cross securities for the calculation of an Authorized Claimant's Recognized Claim nor shall it be deemed an assignment of any claim relating to the purchase of such securities unless specifically provided in the instrument of gift or assignment. The receipt of A.T. Cross securities during the Class Period in exchange for securities of any other corporation or entity shall not be deemed a purchase or sale of A.T. Cross securities. To the extent a Claimant had a gain from his, her or its overall transactions in A.T. Cross common stock during the Class Period, the value of the Recognized Claim will be zero.

Shares "transferred into," "delivered into" or "received into" the claimant's account, shall NOT be considered as purchased shares unless claimant submits documents supporting that the original purchase of the shares occurred during the Class Period. Also, shares purchased and subsequently "transferred out" or "delivered out" of claimant's account will NOT be considered part of claimant's claim, as the right to file for those shares belongs to the person or party receiving the shares.

Each Authorized Claimant shall be allocated a *pro rata* share of the Net Cash Settlement Fund based on his, her or its Recognized Claim compared to the Total Recognized Claims of all accepted claimants. Each Authorized Claimant shall be paid an amount determined by multiplying his, her or its Recognized Claim by a fraction, the numerator of which shall be the Net Settlement Fund and the denominator of which shall be the Total Recognized Claims of all Authorized Claimants.

The following two restrictions on computing Recognized Claims apply to all claims. As a practical matter, however, they apply primarily to certain transactions engaged in by sophisticated traders or certain corporate or institutional Claimants:

1. "Short" sales will not be recognized for any amount of loss on the cover or purchase transaction, and no Recognized Claim will be computed for any such covering purchase transaction.

2. No Recognized Claim will be computed for any transactions in shares of A.T. Cross stock engaged in by market makers.

Class Members who do not file an acceptable Proof of Claim will not share in the settlement proceeds. Class Members who do not file an acceptable Proof of Claim will nevertheless be bound by the judgment and the settlement.

Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the settlement. If individual distributions for $10 or less are determined by Lead Counsel to be diseconomic to the class, such de minimis distributions may instead be deleted from the distribution such that those funds are distributed to the remaining Class Members.

If any funds remain in the Net Settlement Fund by reason of un-cashed distributions or otherwise, then, after the Claims Administrator has made reasonable efforts to have Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance remaining in the Net Settlement may be paid to Plaintiffs' Lead Counsel for any outstanding expenses or unpaid fees. Any residual funds thereafter may be donated to an appropriate charity by agreement between plaintiffs' and defendants' counsel.

Dated: Providence, Rhode Island
_______________, 2005

By Order of the Court
CLERK OF THE COURT