**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| THOMAS RATCLIFFE, MARK GILONI, JOHN HALEBIAN AND DAVID FIX, Individually and on Behalf of All Others, Similarly Situated, Plaintiffs, vs. A.T. CROSS CO., et al., Defendants. | CIVIL ACTION NO. 00 203 ML |

**PLAINTIFFS' MOTION FOR APPROVAL OF AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION COSTS AND EXPENSES**

For the reasons set forth in the accompanying Memorandum of Law, plaintiffs, by their counsel, move for approval of attorneys fees of 10% of the settlement fund, reimbursement of expenses identified in plaintiffs' counsels' applications, and reimbursement to the class representative Mark Giloni.

Respectfully submitted,

Matthew F. Medeiros /CHR

Matthew F. Medeiros, Esquire (#1856)
**LITTLE, MEDEIROS, KINDER, BULMAN & WHITNEY, P.C.**
72 Pine Street
Providence, RI 02903
Tel.: (401) 272-8080
Fax: (401) 272-8195
**Liaison Counsel for The Class**

**LEAD COUNSEL:**
**BERGER & MONTAGUE, P.C.**
Lawrence Deutsch, Esquire
Elizabeth W. Fox, Esquire
Shannon Carson, Esquire
1622 Locust Street
Philadelphia, PA 19103
Tel.: (215) 875-3000
Fax: (215) 875-4604

**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of August, 2005, I caused to be served by regular U.S. mail a copy of the within Plaintiffs' Motion and Memorandum in Support of Joint Petition for Approval of an Award of Attorneys' Fees and Reimbursement of Litigation Costs and Expenses to: Gregory L. Benik, Esq., Robin L. Main, Esq., Holland & Knight LLP, One Financial Plaza, Suite 1800, Providence, RI 02903-2477 and John F. Sylvia, Esq., Adam L. Sisitsky, Esq., Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., One Financial Center Boston, MA 02111.

Veronica Szeuc

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| THOMAS RATCLIFFE, MARK GILONI, JOHN HALEBIAN AND DAVID FIX, Individually and on Behalf of All Others, Similarly Situated, | : | CIVIL ACTION NO. 00 203 ML |
| Plaintiffs, | : | |
| vs. | : | |
| A.T. CROSS CO., et al., | : | |
| Defendants. | : | |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF JOINT PETITION FOR APPROVAL OF AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION COSTS AND EXPENSES**

Matthew F. Medeiros, Esquire (#1856)
**LITTLE, MEDEIROS, KINDER, BULMAN & WHITNEY, P.C.**
72 Pine Street
Providence, RI 02903
Tel.: (401) 272-8080
Fax: (401) 272-8195
**Liaison Counsel**

**BERGER & MONTAGUE, P.C.**
Lawrence Deutsch, Esquire
Elizabeth W. Fox, Esquire
Shanon J. Carson, Esquire
1622 Locust Street
Philadelphia, PA 19103
Tel.: (215) 875-3062
Fax: (215) 875-4674
**Lead Counsel**

## TABLE OF CONTENTS

I. PRELIMINARY STATEMENT .......... 1

II. COURSE OF THE LITIGATION .......... 1

III. ARGUMENT .......... 4

A. Lead Counsels' Fee Request Is Within The Range Of Reasonableness Of Other Percentage Awards .......... 4

B. Significant Factors Support The Reasonableness Of The Fee Request .......... 5

(1) The Reaction of the Class .......... 6

(2) The Risks of the Case And The Contingent Nature of the Fee .......... 6

(3) The Quality of Representation and The Result Achieved .......... 7

(4) The Delay In Payment Of Plaintiffs' Counsel .......... 8

C. The Expenses Requested Were Reasonable And Necessary To The Prosecution Of This Action .......... 8

D. Class Representative's Request for Reimbursement .......... 10

IV. CONCLUSION .......... 10

## TABLE OF AUTHORITIES

### FEDERAL CASES

*In re Ampicillin Antitrust Litigation*, 526 F. Supp. 494 (D.D.C. 1981) ............................. 8

*Beech Cinema, Inc. v. Twentieth Century Fox Film Corp.*, 480 F. Supp. 1195 (S.D.N.Y. 1979) ............................. 8

*Berkey Photo, Inc. v. Eastman Kodak Co.*, 603 F.2d 263 (2nd Cir. 1979) ............................. 7

*Bullock v Administrator of Estate of Kircher*, 84 F.R.D. 1 (D.N.J. 1979) ............................. 8

*Camden I Condominium Association, Inc. v. Dunkle*, 946 F.2d 768 (11th Cir. Fla. 1991) ............................. 5

*In Re Fidelity/Micron Securities Litigation*, 167 F.3d 735 (1st Cir. 1999) ............................. 8

*Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43 (2nd Cir. 2000) ............................. 5

*Greene v. Emersons, Ltd., [1987 Transfer Binder]*, Fed. Sec. L. Rep. (CCH) ¶ 93,263 (S.D.N.Y. 1987) ............................. 8

*Mills v. Electric Automobile-Lite Co.*, 396 U.S. 375 (U.S. Ill. 1970) ............................. 9

*In re Old CCA Sec. Litigation v. Crants*, No. 3:99-0458, 2001 U.S. Dist. LEXIS 21942 (M.D. Tenn. Feb. 9, 2001) ............................. 9

*Pavlidis v. New England Patriots Football Club., Inc.*, 675 F. Supp. 707 (D. Mass. 1987) ............................. 5

*Ressler v. Jacobson*, 149 F.R.D. 651 (M.D. Fla. 1992) ............................. 6

*Robbins v. Koger Properties, Inc.*, 116 F.3d 1441 (11th Cir. 1997) ............................. 7

*In re San Juan Dupont Plaza Hotel Fire Litigation*, 111 F.3d 220 (1st Cir. 1997) ............................. 8

*In re Thirteen Appeals Arising Out of the San Juan DuPont Plaza Hotel Fire Litigation*, 56 F.3d 295 (1st Cir. 1995) ............................. 4

*Trans World Airlines, Inc. v. Hughes*, 312 F. Supp. 478 (S.D.N.Y. 1970) ............................. 7

*In re Warner Committee Sec. Litigation*, 618 F. Supp. 735 (S.D.N.Y. 1985) ............................. 7, 8

*Zinman v. Avemco Corp., 1978 U.S. Dist. LEXIS 20079 (D. Pa. 1978)* ............................. 8

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF JOINT PETITION FOR APPROVAL OF AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION COSTS AND EXPENSES**

## I. PRELIMINARY STATEMENT

Plaintiffs' Counsel submit this memorandum in support of their application for an award of attorneys' fees and reimbursement of expenses, in connection with the prosecution and resolution of this litigation. The efforts of Plaintiffs' Counsel have resulted in recovery for the class members of $1,500,000

The Settlement was obtained through diligent efforts and hard-fought negotiations in the face of significant obstacles. Plaintiffs' Counsel request an award of attorneys' fees in the amount of $150,000, ten percent (10%) of the settlement Fund and reimbursement for out-of-pocket expenses, of $550,000.00 (plus interest earned on these amounts at the same rate as earned by the Settlement Fund). This fee and expense request is within the reasonable range of fees and expenses awarded by courts. Neither the settlement nor the fee request has met with a single objection from any member of the class.

## II. COURSE OF THE LITIGATION

The action was prosecuted on a contingent basis, against the determined opposition of defendants. As set forth in the accompanying Plaintiffs' Memorandum of Law in Support of Approval of the Proposed Settlement ("Settlement Memorandum"), plaintiffs faced serious obstacles to prove liability and damages. Therefore, there was a high risk that no recovery would be obtained, notwithstanding the efforts of Plaintiffs' Counsel. Despite defendants' strenuous opposition and the existence of many serious legal and factual hurdles, a recovery has been obtained for the class members.

This was not a simple accounting case in which defendants or their auditors restated the Company's financial results, or one in which the SEC or U.S. Attorney charged the wrongdoing alleged

in the complaint. Plaintiffs' Counsel therefore had to build their own case; the results obtained are attributable solely to their diligence, hard work and skill.

The risk was compounded because plaintiffs' counsel received no compensation during this litigation. Their compensation was wholly dependent upon obtaining a result and an award of fees by the Court. Nevertheless Plaintiffs' Counsel prosecuted the case professionally and vigorously, devoting over 8,000 hours to the action and advancing substantial costs to litigate this complex securities case.

The efforts by Plaintiffs' Counsel during five years of litigation were extensive as reflected in a short summary of litigation activities:

- Extensive pre-complaint investigation of legal and factual issues;
- Preparation of an amended complaint that defendants moved to dismiss and was argued before the District Court;
- Briefing and argument before the First Circuit Court of Appeals, resulting in the primary claims and defendants named in the amended complaint being upheld;
- Discovery of defendants and third party witnesses including 15 depositions, 23 subpoenas;
- Analysis including extensive consultation with forensic accountants of approximately 100,000 pages of documents produced by defendants, the relevant audit work papers of the outside auditor of A.T. Cross (Deloitte and Touche), and documents produced by other third parties, including customers, stock market professionals, consultants and co-venturers;
- Numerous interviews of former employees of A.T. Cross;
- Discovery, six depositions, briefing, and argument that resulted in class certification and recertification;
- Discovery of four experts including submission of reports depositions plus dueling motions in limine between the parties' damage experts;
- Arguing defendants' motion for summary judgment and supplemental motion for summary judgment;
- Negotiation sessions leading to this proposed settlement with the assistance of two mediators;

- Negotiation of the settlement documents, including the Stipulation of Settlement executed June 24, 2005;
- Supervision of the issuance of Notice to the class on three occasions;
- Dozens of telephone communications, responding to inquiries of class members; and
- Briefing in support of the final approval of the settlement.

Additional descriptions of the litigation, including Plaintiffs' Counsel's activities, the risk factors involved, and the benefit conferred by the proposed settlement are described in the Settlement Memorandum.[1] In addition, each firm representing Plaintiffs has submitted Fee Declarations (Exhibit 1) which lists the hours and expenses of each firm.

This case was a classic example of why there is high risk for contingent fee attorneys. Plaintiffs litigated this case in good faith. Plaintiffs' counsel developed complex accounting claims that survived summary judgment. Given the long course of this litigation and defendants' vigorous defense throughout the proceeding, plaintiffs incurred substantial fees and costs in order to pursue the claims. Upon the Court's summary judgment ruling on July 21, 2004, the damage limitations of the case became clear. Whereas, the market loss in share value of the original class was approximately $150 million, this number was whittled down substantially after analyses of the damage experts. Their findings concluded that the highest possible damage was $27 million (per plaintiffs' expert) and ranged down to $0 damages (defendants' expert). The Court's summary judgment ruling that substantially narrowed the class period, then reduced plaintiffs' damages to a maximum of $6 million for the shortened class period of July 16, 1998 through April 22, 1999, because the bulk of the $27 million in damages had been in the earlier part

---

[1] The Settlement Memorandum discusses the risks associated with this Action and many of the legal obstacles to Plaintiffs' success on the merits. Rather than repeating the matters set forth in the Settlement Memorandum, Plaintiffs' Counsel incorporate by reference those arguments.

of the original class period, since the stock was more widely purchased during the market's initial excitement about A.T. Cross's new CrossPad.

Trading in A.T. Cross stock was greatly reduced by the latter part of 1998 after A.T. Cross began to report mediocre sales results on the CrossPad and admitted that the PCG business would not be profitable in 1998. The ultimate result of the narrowed class period was a reduction in damages, a much smaller case than plaintiffs had originally anticipated or had litigated. Thus, at the end of the litigation, plaintiffs' counsel has been forced to write down a substantial amount of work time (well over $2 million in time billed) while trying to provide a reasonable result for the class.

The significant contingency risk in this case cannot be seriously disputed, since the requested fee does not come close to covering the value of the attorney time that Plaintiffs' Counsel invested in this case over the last five years.

## III. ARGUMENT

### A. Lead Counsels' Fee Request Is Within the Range of Reasonableness of Other Percentage Awards

The First Circuit in Thirteen Appeals, see In re Thirteen Appeals Arising Out of the San Juan DuPont Plaza Hotel Fire Litig., 56 F.3d 295, 305 (1st Cir. 1995) has not provided a definitive list of factors for the fee determination. Rather it remarked that "in respect to fee awards, the trial court's latitude is 'extremely broad.'" Thirteen Appeals, 56 F.3d at 309 (citation omitted). There, the First Circuit approved an attorneys' fee award of 30.9% of a $220 million recovery, or $68 million in attorneys' fees. Clearly, the fee requested here, 10% of $1.5 million, or $150,000 is below the range sanctioned by the First Circuit, both in percentage and amount. (See Exhibit 1).

Considering the benefit conferred, the complex nature of the litigation, the risks faced, the quality of work performed, and the efficient manner in which this litigation was resolved (as described in the Declaration of Lead Counsel), the fee requested by Plaintiffs' Counsel, when considered in terms of a percentage of the fund -- ten percent of the Settlement Fund -- is modest when compared to fees awarded in scores of cases.

While there is no "hard and fast" rule dictating what constitutes a reasonable percentage of the recovery to award in fees, "an upper limit of 50% may be stated as a general rule, although even larger percentages have been awarded." Camden I Condominium Ass'n, Inc. v. Dunkle, 946 F.2d 768 at 774 (11th Cir. Fla. 1991). Numerous cases have noted that a typical award in a common fund case generally ranges between 20 to 50 percent of the recovery. Pavlidis v. New England Patriots Football Club., Inc., 675 F. Supp. 707, 710 (D. Mass. 1987).

The percentage fee requested by Plaintiffs' Counsel is therefore less than the percentage which has normally been awarded by many courts and represents a modest percentage of the benefit provided to the class.

**B. Significant Factors Support the Reasonableness of the Fee Request**

While the fee request of Plaintiffs' Counsel is reasonable when measured against awards in similar cases, courts also consider a number of other factors in determining the appropriateness of the fee request. These include: (1) the reaction of the Class to the settlement and fee request; (2) the riskiness of the case and the contingent nature of the fee; (3) the quality of the representation and the result achieved; and (4) the delay in receiving payment. Manual for Complex Litig. (Third) § 24.121 at 190 (3d ed. 1995). See also Goldberger v. Integrated Resources, Inc., 209 F.3d 43, 50 (2nd Cir. 2000). Each of these factors, supports Plaintiffs' Counsel's fee request in this case.

**(1) The Reaction of the Class**

By Order dated July 20, 2005 (the "Hearing Order"), this Court preliminarily approved the proposed Settlement, directed the mailing of the Notice to the Class, and scheduled a settlement hearing. Pursuant to the Hearing Order, a Notice of Pendency of Proposed Settlement, Motion for Attorneys' Fees and Settlement Approval Hearing ("Notice") was mailed to all class members immediately thereafter. Exhibit 2 (Bancroft Declaration). The Notice, mailed to over 8,000 potential members of the Class, stated that Plaintiffs' Counsel intended to seek an award of attorneys' fees up to ten percent of the Settlement Fund plus expenses of up to $550,000. The time for filing objections expired on August 26, 2005 and no objection has been received to the request for fees and reimbursement of expenses. The lack of any objection is powerful evidence that the requested fee is fair. See Ressler v. Jacobson, 149 F.R.D. 651, 656 (M.D. Fla. 1992).

**(2) The Risks of the Case and The Contingent Nature of the Fee**

As detailed in the Settlement Memorandum plaintiffs faced substantial risks in this litigation. From the inception of the action, there existed the significant possibility that Plaintiffs' Counsel would obtain no recovery, and hence no compensation. Plaintiffs' Counsel faced substantial difficulties in proving to the satisfaction of a jury, both the liability of defendants and the amount of damages suffered by the Class.

As to liability, defendants argued that plaintiffs could not prove scienter because A.T. Cross relied on its outside accountants who gave unqualified audit opinions on A.T. Cross's financial statements during the class period 1997 through 1999 financial statements. Defendants also raised serious arguments as to damages and loss causation, contending that the decline in the price of A.T. Cross stock during the Class Period was unrelated to the Company's disclosures about poor results for

its Pen Computing Group. While Plaintiffs' Counsel believe that such arguments could have been overcome, they nevertheless represented substantial risks to an eventual recovery.

Even a victory at trial would have been no guarantee of ultimate success. If plaintiffs were successful at trial, defendants would unquestionably have appealed such a judgment. An appeal could seriously and adversely affect the scope of an ultimate recovery, if not the recovery itself. See, e.g., Robbins v. Koger Properties, Inc., 116 F.3d 1441 (11th Cir. 1997) (reversing $81 million jury verdict and ordering entire litigation dismissed in a class action securities case); Berkey Photo, Inc. v. Eastman Kodak Co., 603 F.2d 263 (2nd Cir. 1979) (reversal of multimillion dollar judgment after a lengthy trial); Trans World Airlines, Inc. v. Hughes, 312 F. Supp. 478 (S.D.N.Y. 1970), aff'd, 449 F.2d 51 (2nd Cir. 1971), rev'd, 409 U.S. 363 (1973) ($145 million judgment overturned after years of litigation and appeals).

### (3) The Quality of Representation and The Result Achieved

The result achieved and the quality of the services provided are also significant factors to be considered in determining the amount of reasonable attorneys' fees. See e.g., In re Warner Comm. Sec. Litig., 618 F. Supp. 735 at 748-49 (S.D.N.Y. 1985). As detailed in this memorandum and in the Class Plaintiffs' Memorandum of Law in Support of the Proposed Settlement and accompanying Declaration of Lawrence Deutsch in Support of Settlement, Attorneys' Fees and Costs, Plaintiffs' Counsel vigorously pursued this case in a professional manner. Plaintiffs' Counsel took whatever measures were necessary to zealously represent their clients, including appellate proceedings, motions to compel, advancing significant costs, extensive travel, and seeking quality experts.

The settlement supports the quality of representation since it provides 25 percent of the maximum damage calculated by plaintiffs' damage expert and 100 percent of defendants' expert's

damage estimate. The result achieved by Plaintiffs' Counsel is therefore commendable, particularly in light of the legal and factual complexities of the case.

**(4) The Delay In Payment Of Plaintiffs' Counsel**

Unlike counsel for the defendants, Plaintiffs' Counsel have not been compensated for their time and effort during the course of this litigation. It would be correct to observe that while defense counsel are generally paid per diem, plaintiffs' counsel are paid "perhaps." This has been recognized as a significant factor in determining a fair and reasonable fee. See In re Warner Comm. Sec. Litig., 618 F. Supp. at 748; Bullock v Administrator of Kircher's Estate, 84 F.R.D. 1, 17 (D.N.J. 1979).

As demonstrated above, the modest fee requested is in accord with fee awards by many courts and represents a reasonable percentage of the recovery obtained for the Class.

**C. The Expenses Requested Were Reasonable and Necessary to the Prosecution of this Action**

In the First Circuit reasonable expenses are reimbursable. In Re Fidelity/Micron Securities Litigation, 167 F.3d 735, 737 (1st Cir. 1999). The expenses in this case were those for which "the paying, arms' length market" reimburses attorneys and therefore are properly chargeable to the Settlement Fund. See In re San Juan Dupont Plaza Hotel Fire Litig., 111 F.3d 220 (1st Cir. 1997). Even where fees and costs equal almost 50% of the settlement fund, reimbursement is appropriate. See Beech Cinema, Inc. v. Twentieth Century Fox Film Corp., 480 F. Supp. 1195 (S.D.N.Y. 1979), judgment aff'd, 622 F.2d 1106, (2d Cir. 1980) (53% of settlement fund awarded). Zinman v. Avemco Corp., 1978 U.S. Dist. LEXIS 20079 (D. Pa. 1978) (awarding 50% of the cash recovery). Greene v. Emersons, Ltd., [1987 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶ 93,263 (S.D.N.Y. 1987) (awarding 46.2% for fees and expenses). In re Ampicillin Antitrust Litig., 526 F. Supp. 494 (D.D.C. 1981) (awarding attorneys' fees and expenses equaling 45% of settlement recovery). See also Philip Maley, et al v. Del Global

Technologies Corp., et al. (S.D.N.Y.), 00 Civ 8495(CM) (Notice of application for expense reimbursement of 35% of a settlement of $2 million).

Plaintiffs' counsel have applied for reimbursement of expenses incurred in prosecuting this action in the total amount of $545,533.10. These expenses were reasonable, necessary and directly related to the prosecution of this litigation. The expenses incurred by counsel, as detailed in Exhibit 1, include expert witness fees, discovery costs, computerized legal research, transportation expenses, and photocopying costs. Over $300,000.00 of the expenses were paid to experts for their analysis, reports and testimony concerning damages, accounting standards, and marketing practices. Given the centrality and complexity of the accounting claims, significant assistance from the forensic accountants was essential to sustain the accounting claims. The three testifying experts' work product and testimony were used to oppose defendants' summary judgment motions and to prepare for trial.[2] Lead Counsel submit that these expenses were prudently and reasonably incurred and should be reimbursed. See Mills v. Electric Auto-Lite Co., 396 U.S. 375 (U.S. Ill. 1970).

The expenses of the case, which are itemized in Exhibit 1, were carefully scrutinized by Lead Counsel and also reflect extraordinary reductions made at the urging of the Court. See Supplemental Submission in Support of Notice of Pendency of Proposed Settlement, Motion for Attorneys' Fees and Settlement Approval Hearing to Class, dated July 12, 2005; (Docket No. 180.)[3]

---

2 It is also appropriate for the court to award interest on the expenses awarded. See e.g., In re Old CCA Sec. Litig. v. Crants, No. 3:99-0458, 2001 U.S. Dist. LEXIS 21942, at *3-4 (M.D. Tenn. Feb. 9, 2001) (awarding plaintiffs' counsel a percentage of the Settlement Fund plus litigation expenses incurred, "together with the interest earned thereon for the same period and at the same rate as that earned on the Settlement Fund until paid.")

3 Plaintiffs' counsel made this prior Supplemental Submission as part of its presentation to support the proposed notice to the class. The Court's concerns over the global costs and fees were addressed at a hearing on July 18, 2005. The Supplemental Submission addressed the level of costs and identified certain cost reductions offered by plaintiffs' counsel in an extraordinary effort to provide a reasonable overall recovery for this class. In order to maintain brevity in this present memorandum, plaintiffs do not repeat those arguments but rely on those arguments herein to provide a fuller explanation of the basis for plaintiffs' counsel's requested cost reimbursement.

**D. Class Representative's Request for Reimbursement**

Mr. Mark Giloni, one of the substitute class representatives for the revised class, also requests reimbursement of his time spent on the case. The details of his time and the basis for reimbursement are specified in his declaration (Exhibit 3). Reimbursement for time or expenses by a class representative is expressly permitted in the Private Securities Litigation Reform Act § 21D(a)(4).

## IV. CONCLUSION

For the reasons stated herein, Class Counsel respectfully request that the Court award them 10 percent of the cash portion of the Settlement Fund as attorneys' fees and $545,533.10 as reimbursement of expenses (plus interest earned on those amounts at the same rate as earned by the Settlement Fund) incurred in the prosecution of this litigation.

Dated: August 30, 2005

Respectfully submitted,

Matthew F. Medeiros, Esquire (#1856)
**LITTLE, MEDEIROS, KINDER, BULMAN & WHITNEY, P.C.**
72 Pine Street
Providence, RI 02903
Tel.: (401) 272-8080
Fax: (401) 272-8195
**Liaison Counsel**

**BERGER & MONTAGUE, P.C.**
Lawrence Deutsch, Esquire
Elizabeth W. Fox, Esquire
Shanon J. Carson, Esquire
1622 Locust Street
Philadelphia, PA 19103
Tel.: (215) 875-3062
Fax: (215) 875-4674
**Lead Counsel**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| THOMAS RATCLIFFE, MARK GILONI, JOHN HALEBIAN AND DAVID FIX, Individually and on Behalf of All Others, Similarly Situated, Plaintiffs, vs. A.T. CROSS CO., et al., Defendants. | : | CIVIL ACTION NO. 00 203 ML |

**DECLARATION OF LAWRENCE DEUTSCH IN SUPPORT OF APPLICATION FOR ATTORNEYS' FEES AND EXPENSES FILED ON BEHALF OF BERGER & MONTAGUE,P.C.**

I, LAWRENCE DEUTSCH, declare:

1. I am shareholder with the firm of Berger & Montague, P.C. I am submitting this Declaration in support of my firm's application for an award of attorneys' fees in connection with the services rendered to plaintiffs and the Class by my firm in the course of the above-captioned litigation.

2. The following chart contains a summary of the time spent by the attorneys, law clerks and paralegals of my firm on the Litigation and the lodestar calculation. We used a maximum hourly cap rate of $360/hr., consistent with maximum local rates. The chart was prepared from contemporaneous, daily time records regularly prepared and maintained by my firm for the time spent from inception through August 5, 2005:

| PROFESSIONAL/STATUS* | TOTAL HOURS | HOURLY RATE | TOTAL LODESTAR |
|---|---|---|---|
| Lawrence Deutsch (P) | 2250.66 | $360.00 | $810,237.60 |
| Other Partners | 230.70 | $350 to $360 | $83,044.00 |
| Elizabeth W. Fox (A) | 1331.35 | $360.00 | $479,286.00 |
| Shanon Carson (A) | 1187.41 | $275.00 | $326,537.75 |
| Other Associates | 1265.25 | $250 to $360 | $426,884.50 |

| | | | |
|---|---|---|---|
| Law Clerks | 122.50 | $170 to $185 | $21,639.00 |
| Senior Paralegals | 721.10 | $195.00 | $140,614.50 |
| Paralegals | 1035.75 | $145 to $180 | $164,180.00 |
| **TOTAL** | **8144.72** | | **$2,452,423.35** |

*Partner (P), Associate (A),

3. My firm also applies for $545,149.69 in unreimbursed expenses. These expenses from inception to August 1, 2005 are itemized as follows:

| CATEGORY | TOTAL AMOUNT |
|---|---|
| Long Distance Telephone/Facsimile | $3,443.70 |
| Travel Costs | $58,092.64 |
| Photocopies (in-house) ($.10 per page) | $19,773.20 |
| Commercial Copying and Printing | $19,347.59 |
| Transcripts | $20,029.17 |
| Postage; Delivery & Freight | $4,210.70 |
| Filing, Service, Witness & Miscellaneous Fees (including Mediator) | $11,559.64 |
| Lexis, Nexis, Westlaw (50% of normal allocation charges) | $25,502.83 |
| Publication and Class Notice Costs | $29,674.09 |
| Consulting/Expert Fees: | |
| Shectman, Marks, Devor & Etskowitz (Harris Devor) | $218,227.57 |
| CBIZ Valuation Group (Dr. Hakala) | $76,953.29 |
| ZMF Legal-EZE (focus group & trial prep) | $27,058.49 |
| Applied Marketing Science (Robert Klein) | $31,276.78 |
| **TOTAL** | **$545,149.69** |

I declare under penalty of perjury that the foregoing is true and correct. Executed this 29th day of August 2005.

LAWRENCE DEUTSCH

397506_00.wpd

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| THOMAS RATCLIFFE, MARK GILONI, JOHN HALEBIAN AND DAVID FIX, Individually and on Behalf of All Others, Similarly Situated, Plaintiffs, vs. A.T. CROSS CO., et al., Defendants. | CIVIL ACTION NO. 00 203 ML |

**DECLARATION OF MATTHEW F. MEDEIROS IN SUPPORT OF APPLICATION FOR ATTORNEYS' FEES AND EXPENSES FILED ON BEHALF OF LITTLE MEDEIROS KINDER BULMAN & WHITNEY, P.C.**

I, MATTHEW F. MEDEIROS, declare:

1. I am member of the firm of Little Medeiros Kinder Bulman & Whitney, P.C. I am submitting this Declaration in support of my firm's application for an award of attorneys' fees and expenses in connection with the services rendered to plaintiffs and the Class by my firm in the course of the above-captioned litigation.

2. The following chart contains a summary of the time spent by the attorneys and paralegals of my firm on the Litigation and the lodestar calculation. The hourly rates are those customarily and reasonably charged by my firm. The chart was prepared from contemporaneous daily time records regularly prepared and maintained by my firm for the time spent from inception through August 5, 2005:

| | TOTAL HOURS | HOURLY RATE | TOTAL |
|---|---|---|---|
| Matthew F. Medeiros | 149.85 | $360 | $53,946.00 |
| John D. Deacon | 3.85 | $200 | 770.00 |
| Paralegal | 1.10 | $ 90 | 99.00 |
| **TOTAL** | **154.80** | | **$54,815.00** |

3. My firm also applies for $383.41 in unreimbursed expenses. These expenses are from August 1, 2004 through August 5, 2005 and are itemized as follows:

| CATEGORY | TOTAL AMOUNT |
|---|---|
| Long Distance Telephone | $ 31.80 |
| Photocopies (in-house) | 247.30 |
| Postage & Delivery | 64.31 |
| Constable (Service Fee) | 40.00 |
| **TOTAL** | **$383.41** |

I declare under penalty of perjury that the foregoing is true and correct. Executed this 30th day of August, 2005.

Matthew F. Medeiros

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| THOMAS RATCLIFFE, MARK GILONI, JOHN HALEBIAN AND DAVID FIX, Individually and on Behalf of All Others Similarly Situated<br>*Plaintiffs,*<br>vs.<br>A.T. CROSS CO., et al.,<br>*Defendants.* | CIVIL ACTION NO. 00 203 ML |

**DECLARATION OF MICHAEL T. BANCROFT, CPA**
**REGARDING DISSEMINATION OF NOTICE TO THE CLASS**

I, Michael T. Bancroft, CPA, declare as follows:

1. I am a partner in the Certified Public Accounting firm of Heffler, Radetich & Saitta L.L.P. ("HR&S") at Suite 1700, 1515 Market Street, Philadelphia, Pennsylvania 19102. HR&S performed the services listed herein under my supervision to disseminate the "Notice of Pendency of Proposed Settlement, Motion for Attorneys' Fees and Settlement Approval Hearing" dated July 27, 2005 ("Notice and Claim") to the Class under the direction of Plaintiffs' Counsel.

2. HR&S used the previous mailing list and nominee responses for two prior notices to the class to mail a Notice and Claim to the following:

1,474 potential class members identified on the original mailing list

4,589 potential class members previously supplied by nominees (entities that hold shares for beneficial holders)

6,063 names and addresses

3. In addition, HR&S mailed 1,728 Notice and Claim forms in bulk, as well as an individual Notice and Claim to the 12 nominee firms that previously requested Notices to perform their own mailings.

4. HR&S mailed a Notice and Claim form to 35 nominees with a cover letter advising them that we mailed Notice and Claim forms to those they previously identified as potential class members. HR&S also mailed a Notice and Claim to 189 nominees firms that did not provide additional names to the previous Notices, as well as 114 banks listed in our contact file.

5. Summing items 2 through 4, HR&S mailed a total of 8,141 Notice and Claim forms on July 27, 2005 via first-class mail.

6. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct. If called upon as a witness, I could and would competently testify to the matters contained herein from personal knowledge.

Executed this 24th day of August, 2005 at Philadelphia, Pennsylvania.

MICHAEL T. BANCROFT, CPA

## Mark Giloni Declaration –AT Cross Class Action Lawsuit

I am a plaintiff and class representative in the Thomas Ratcliffe, Mark Giloni, John Halebian and David Fix vs. A.T. Cross Co., et al lawsuit. I have reviewed all case material, done research of my own, been deposed (in Boston), attended jury selection (in Providence), and was preparing to be the first witness called at trial. Below is a summary log of my major activities which detail the 64 hours I spent on the case:

| | | |
|---|---|---|
| October, 2004 | • Gather AT Cross Records and prepare spreadsheets<br>• Review documents (e.g., USA Circuit Court of Appeals opinion; Original Class Action Complaint; First Set of Document Rqsts) | 10 hours |
| November, 2004 | • Review documents including: Second Amended Class Action Complaint; Motion for Substitution of New Class Representative<br>• Review Discovery material<br>• Case discussions with Lawrence Deutsch | 6 hours |
| December, 2004 | • Review and prepare response to Discovery requests<br>• Case discussions with Lawrence Deutsch | 6 hours |
| January, 2005 | • Continue responses to Discovery requests<br>• Review AT Cross articles and press releases<br>• Prepare for deposition in Boston<br>• Deposition in Boston, MA on January 20, 2005<br>• Review case material and strategy | 18 hours |
| February, 2005 | • Review deposition document and submit corrections<br>• Case discussions with Lawrence Deutsch | 4 hours |
| March, 2005 | None | |
| April, 2005 | • Case discussions with Lawrence Deutsch | 1 hour |
| May, 2005 | • Prepare for and attend jury selection in Providence, RI<br>• Prepare to testify; review depositions and case documents<br>• Case discussions with Lawrence Deutsch | 16 hours |
| June, 2005 | • Review and discuss settlement options and documents | 3 hours |

I am a semi-retired senior business executive but also actively seek out consulting work. I was a long-time Associate Partner at Accenture, Inc. and specialize in Business Intelligence, Business Strategy, and Project Management. During the course of the trial, I committed to be available as needed and did not actively seek consulting work. I, therefore, am requesting payment for lost wages. I have been offered or received consulting rates between $90 and $230/hour. To maximize the recovery for other class members, I have discounted my minimum rate by 33% to $60/hour. I am requesting compensation for lost wages of $3840 (64 hours times $60 per hour).

I declare until penalty of perjury under the laws of the United States of America that the above is true and correct. If called upon as a witness, I could and would competently testify to the matters contained herein from personal knowledge.

[signature]
Mark Giloni

8/28/05
Date

08/28/05 SUN 21:49 [TX/RX NO 9540]