**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| THOMAS RATCLIFFE, MARK GILONI, JOHN HALEBIAN AND DAVID FIX, Individually and on Behalf of All Others, Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>A.T. CROSS CO., et al.,<br><br>Defendants. | CIVIL ACTION<br>NO. 00 203 ML |

**ORDER AND FINAL JUDGMENT**

On this 9th day of September 2005, following notice to the Class Members as described herein, a hearing was held before this Court to consider: (1) Lead Plaintiff's Motion for Final Approval of Class Action Settlement (the "Settlement Approval Motion") and (2) the Motion of Lead Plaintiff's Counsel for an Award of Attorneys' Fees and Reimbursement of Expenses (the "Fee Petition"), and to determine whether the terms and conditions of the Stipulation and Agreement of Settlement dated June 24, 2005 (the "Stipulation") are fair, reasonable and adequate for the settlement of all claims asserted by the Class in the Complaint in this action, including the release of the Defendants and the Released Parties, and should be approved; (3) whether judgment should be entered dismissing the Complaint on the merits and with prejudice in favor of the Defendants and as against all persons or entities who are Members of the Class herein who have not requested exclusion therefrom; (4) whether to approve the Plan of Allocation as a fair and reasonable method to allocate the settlement proceeds among the Members of the Class; and (5) whether and in what amount to award Lead Plaintiffs'

Counsel's attorneys' fees and reimbursement of expenses; (6) whether and in what amount to award any time and/or expenses to the representative plaintiff(s); the Court having considered all matters submitted to it at the Settlement Approval Hearing and otherwise; and it appearing that a notice of the Hearing substantially in the form approved by the Court was mailed to all persons or entities reasonably identifiable, who purchased or otherwise acquired the common stock of A.T. Cross from July 16, 1998 through April 22, 1999, except those persons or entities excluded from the definition of the Class, as shown by the records of A.T. Cross's transfer agent, at the respective addresses set forth in such records; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested; and all capitalized terms used herein having the meanings set forth in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Court has jurisdiction over the subject matter of the Action, the Plaintiffs, all Class Members, and the Defendants.

2. Notice of the proposed Settlement and Notice of the September 9, 2005 hearing on the Settlement Approval Motion and the fee petition was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b) and 78t(a) and Rule 10b-5 promulgated thereunder, as amended by the Private Securities Litigation Reform Act of 1995, due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

3. The Settlement is approved as fair, reasonable and adequate, and the Class Members and the parties are directed to consummate the Settlement in accordance with the terms of the Stipulation.

4. The Complaint is hereby dismissed with prejudice and without costs, except as provided in the Stipulation.

5. Members of the Class and the successors and assigns of any of them are hereby permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, any and all claims, debts, demands, rights or causes of action or liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability whatsoever), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether class or individual in nature, including both known claims and Unknown Claims (as defined below), (i) that have been asserted in this Action by the Class Members against any of the Released Parties, or (ii) that could have been asserted in any forum by the Class Members or any of them against any of the Released Parties which arise out of or relate in any way to the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, referred to or that could have been asserted by the Class as reflected in the Complaint (the "Settled Claims") against the Defendants, their past or present subsidiaries, affiliates, parents, successors, predecessors, estates and assigns and the respective officers, directors, shareholders, agents, legal representatives, trustees, employees, attorneys, insurers, reinsurers, advisors, investment advisors, auditors, and

accountants of the foregoing, and any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has a controlling interest or which is related to or affiliated with any of them, and the legal representatives, heirs, successors in interest or assigns of the Defendants (the "Released Parties"). The Settled Claims are hereby compromised, settled, released, discharged and dismissed as against the Released Parties on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

6. The Defendants, Released Parties, and the successors and assigns of any of them are hereby permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, any and all claims, rights or causes of action or liabilities whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, including both known claims and unknown claims, that have been or could have been asserted in the Action or any forum by the Defendants or Released Parties or any of them or the successors and assigns of any of them against any of the Plaintiffs, Class Members or their attorneys, which arise out of or relate in any way to the institution, prosecution, or settlement of the Action (the "Settled Defendants' Claims") against any of the Plaintiffs, Class Members or their attorneys. The Settled Defendants' Claims are hereby compromised, settled, released, discharged and dismissed on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

7. Neither this Order and Final Judgment, the Stipulation, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

(a) offered or received against any Defendant or against the Plaintiffs or the Class as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Defendants or by any of the Plaintiffs or the Class with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that had been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of the Defendants;

(b) offered or received against the Defendants as evidence of a presumption, concession or admission of any fact, misrepresentation or omission with respect to any statement or written document approved or made by any of them, or against the Plaintiffs and the Class as evidence of any infirmity in the claims of Plaintiffs and the Class;

(c) offered or received against the Defendants or against the Plaintiffs or the Class as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the parties to the Stipulation, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that Defendants may refer to the Stipulation to effectuate the liability protection granted them thereunder;

(d) construed against the Defendants or the Plaintiffs and the Class as an admission or concession that the consideration to be given hereunder

represents the amount which could be or would have been recovered after trial; or

(e) construed as or received in evidence as an admission, concession or presumption against Plaintiffs or the Class or any of them that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

8. The Plan of Allocation is approved as fair and reasonable, and Plaintiffs' Counsel and the Claims Administrator are directed to administer the Stipulation in accordance with its terms and provisions.

9. The Court finds that all parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

10. Exclusive jurisdiction is hereby retained over the parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order and Final Judgment, and including the Fee Petition or any other application for attorneys' fees and expenses incurred in connection with administering and distributing the settlement proceeds to the Class Members.

11. Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

12. There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

13. Jeannette and Catherine Arruda are excluded from the class and will not be entitled to any distribution to the class, given their request for exclusion of their 36 shares purchased during the class period. (See Exhibit 1)

14. Plaintiffs' Counsel are awarded $450,000 as fees and $545,533.10 as reimbursement for expenses. Lead Counsel shall distribute the fees and expenses in accordance with the firms' expense submissions and allocate the fee proportionally, according to each firm's time presented in litigating the case.

So ORDERED

Mary M. Lisi
HONORABLE MARY M. LISI 9/9/05
UNITED STATES DISTRICT JUDGE