UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| THOMAS RATCLIFFE, MARK GILONI, JOHN HALEBIAN AND DAVID FIX, Individually an on Behalf of All Others Similarly Situated, Plaintiffs, v. A.T. CROSS CO., et al., Defendants. | CIVIL ACTION NO. 00 203 ML |

**[Proposed] ORDER APPROVING DISTRIBUTION OF SETTLEMENT FUNDS TO VALID CLAIMANTS, ALLOWING LATE-FILED CLAIMS, DISALLOWING REJECTED CLAIMS, AND ALLOWING PAYMENT OF SETTLEMENT ADMINISTRATION COSTS**

AND NOW, this 22nd day of August, 2006, upon consideration of (i) Plaintiffs' Motion for an Order Approving Distribution of Settlement Funds to Valid Claimants, Allowing Late-Filed Claims, Disallowing Rejected Claims, and Allowing Payment of Final Settlement Administration Costs (the "Distribution Motion"); and (ii) the Stipulation and Agreement of Settlement dated June 24, 2005 ("the Stipulation") approved by the Court in its Order and Final Judgment dated September 9, 2005, it is hereby ORDERED as follows:

1. The procedures used and actions taken by Heffler, Radetich & Saitta L.L.P. (the "Heffler firm"), the Claims Administrator, and Plaintiffs' Counsel for the administration of the Settlement are hereby adjudged to have been proper and complete, and the Court hereby approves the administrative determinations of the Heffler firm in accepting and rejecting claims filed in this matter.

2. The Court hereby approves the valid, documented claims listed in the Claimants Listing, attached as Exhibit B to the Distribution Motion. These claims include totally payable claims, as well as partially payable claims, of both timely filed and late-filed claims (the "Authorized Claimants").

3. The Court hereby affirms the Heffler firm's recommended rejection of the designated non-payable claims set forth in Exhibit B, as being either partially rejected or totally rejected.

4. The Court hereby approves payment in the amount of $22,369.61 to the Heffler firm for the remaining and future costs of claims administration, including costs to be incurred for distribution and post-distribution services. This payment is to be made from the Settlement Fund.

5. The Court hereby approves payment in the amount of $11,399.00 for attorneys' fees and $152.97 in expenses incurred during the settlement administration process by Berger & Montague, P.C., Plaintiffs' Lead Counsel. This payment is to be made from the Settlement Fund.

6. Plaintiffs' Counsel and the Heffler firm are directed to distribute the balance of the Settlement Fund to the Authorized Claimants delineated in the Claimants Listing, in accordance with the Plan of Allocation as approved by the Court in its September 9, 2005 Order. Each Authorized Claimant shall receive a proportionate share of the Settlement Fund calculated by the Heffler firm and based upon the Authorized Claimant's Recognized Loss compared to the Total Recognized Losses of all Authorized Claimants.

7. The Court directs that the checks for distribution to the Authorized Claimants shall bear the notation "Non-Negotiable After 180 Days," and that no check shall be negotiated in the Settlement Fund more than 200 days after the date of the check.

8. The Court also finds that 365 days after the initial distribution of the Net Settlement Fund to the Authorized Claimants, it will be appropriate for the Heffler firm to destroy all claim forms and related correspondence. The Heffler firm shall, however, retain all other administrative records, including a copy of the Claimants Listing and the computer database used to create the Claimants Listing, for a period of three (3) years after the initial distribution of the Net Settlement Fund to the Authorized Claimants.

9. The Heffler firm, Plaintiffs, Plaintiffs' Counsel and all other persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Proof of Claim forms are released and discharged from any and all claims arising out of such involvement (the "Released Persons"), and all Class members, whether or not they are to receive payment from the Settlement Fund, are barred from making any further claims against the Settlement Fund or the Released Persons beyond the amount allocated to them by the Heffler Firm pursuant to this Order.

DATED: August 22, 2006
Providence, Rhode Island

So ORDERED:

Mary M. Lisi

Honorable Mary M. Lisi
United States District Judge

407082_05.wpd--July 12, 2006